IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| ZACHARY-WAYNE WHITE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:23-cv-847-SDJ-KPJ |
| | § | |
| FIFTH THIRD BANK, NATIONAL ASSOCIATION, *et al.*, | § § § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court are the following motions:

- Plaintiff Zachary-Wayne White's ("Plaintiff") Motion for Sanctions Against Respondents Fifth Third Bank, National Association, Fannie Mae and their Counsel for Improper Pleadings (the "Motion for Sanctions") (Dkt. 21), to which Defendants Fifth Third Bank, National Association ("Fifth Third") and Fannie Mae as Trustee for Securitized Trust FNMA 2020-009 Trust ("Fannie Mae") filed a response (Dkt. 23);

- Plaintiff's Motion Seeking to Compel Compliance with Rule 26 (the "Motion to Compel") (Dkt. 25), to which Fifth Third, Fannie Mae, and Defendants AVT Title Services, LLC ("AVT Title Services"), and Mackie Wolf Zientz & Mann, P.C.'s ("Mackie Wolf") (collectively, "Defendants") filed a response (Dkt. 27);

- Plaintiff's Motion for Clarification of Presumptions (the "Motion for Clarification") (Dkt. 30), to which Defendants filed a response (Dkt. 34), and Plaintiff filed a reply (Dkt. 35); and

- Plaintiff's Motion Seeking a Status Conference and a Hearing to Disposition Open Motions (the "Motion for Hearing") (Dkt. 31).

For the reasons that follow, the Motion for Sanctions (Dkt. 21), the Motion to Compel (Dkt. 25), the Motion for Clarification (Dkt. 30), and the Motion for Hearing (Dkt. 31) are **DENIED**.

**A.    Motion for Sanctions**

On October 26, 2023, Fifth Third and Fannie Mae filed an answer (the "Answer") (Dkt. 19) to Plaintiff's revised claim (the "Amended Pleading") (Dkt. 10), wherein they denied most of Plaintiff's factual allegations and asserted twenty-seven affirmative defenses. *See* Dkt. 19. On

1

October 31, 2023, Plaintiff, who is proceeding *pro se*, filed the Motion for Sanctions (Dkt. 21), wherein he argues that Fifth Third, Fannie Mae, and their attorneys dishonestly denied his factual allegations. Dkt. 21 at 2. Plaintiff further argues that Fifth Third, Fannie Mae, and their attorneys improperly asserted affirmative defenses and did not specifically explain which defenses apply to which claims. *Id.* at 1. Finally, Plaintiff argues that the affirmative defenses "relied heavily on copy and paste from other sources," as demonstrated by typographical errors. *Id.* at 2.

In their response, Fifth Third and Fannie Mae argue that the Motion for Sanctions (Dkt. 21) should be denied because Plaintiff failed to comply with the safe harbor provision of Rule 11 of the Federal Rules of Civil Procedure; that is, Plaintiff did not first serve the Motion for Sanctions (Dkt. 21) and give them an opportunity to rectify any purported violation of Rule 11. *See* Dkt. 23 at 3. Fifth Third and Fannie Mae further argue that none of the conduct asserted by Plaintiff is sanctionable. *Id.* at 3–4. The Court agrees with Fifth Third and Fannie Mae.

> Rule 11 of the Federal Rules of Civil Procedure provides:
>
> By presenting to the court a pleading, written motion, or other paper . . . an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
>> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>>
>> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>>
>> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>>
>> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

FED. R. CIV. P. 11(b). While a party may move for sanctions under Rule 11, that motion "must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." FED. R. CIV. P. 11(c)(2); *see Kennard L. P.C. v. United Airlines, Inc.*, No. 23-20430, 2024 WL 3717272, at *3 (5th Cir. Aug. 8, 2024). In other words, "this rule creates a 21-day period of safe harbor whereby parties can avoid sanctions by withdrawing or correcting the challenged document or position after being served the motion for sanctions." *Van Tiem v. First Am. Home Warranty Corp.*, No. 18-cv-458, 2021 WL 6775326, at *2 (E.D. Tex. May 12, 2021) (cleaned up) (quoting *Margetis v. Furgeson*, 666 F. App'x 328, 331 (5th Cir. 2016)). Strict compliance with Rule 11 is required and, thus, "[a] party's failure to comply with the safe harbor provision generally precludes a district court from granting the party's motion for sanctions." *Askins v. Hagopian*, 713 F. App'x 380, 380–81 (5th Cir. 2018) (first quoting *In re Pratt*, 524 F.3d 580, 588 & n.30 (5th Cir. 2008); and then citing *Elliott v. Tilton*, 64 F.3d 213, 216 (5th Cir. 1995)).

In the present case, Plaintiff provides no indication that he served Fifth Third, Fannie Mae, and their attorneys at least twenty-one days prior to filing the Motion for Sanctions (Dkt. 21). *See* Dkt. 21. Indeed, Fifth Third and Fannie Mae represent that they were not served with the Motion for Sanctions (Dkt. 21) prior to its filing. *See* Dkt. 23 at 3 ("Plaintiff made no effort to serve the Motion for Sanctions or give Defendants an opportunity to correct the alleged defects in their Original Answer before filing the same."). Furthermore, Plaintiff did not file a reply in support of the Motion for Sanctions (Dkt. 21) and, thus, failed to dispute these representations. For these reasons, the Motion for Sanctions (Dkt. 21) is **DENIED**. In any event, the Court has carefully reviewed the Answer (Dkt. 19) and concludes that none of its contents are sanctionable. *See, e.g.*, *WSOU Invs., LLC v. Salesforce, Inc.*, No. 20-cv-1163, 2024 WL 1207167, at *3 (W.D. Tex.

3

Feb. 22, 2024), *R. & R. adopted*, 2024 WL 1200959 (W.D. Tex. Mar. 20, 2024) (declining to award sanctions where the pleading "could have been improved" and included "some copy-and-paste errors").

B.  **Motion to Compel & Motion for Hearing**

On December 4, 2023, Plaintiff filed the Motion to Compel (Dkt. 25), wherein he requests that the Court compel Defendants to participate in a Rule 26(f) conference. *See* Dkt. 25 at 1–2. According to Plaintiff, the failure to set a conference "has the effect of stalling and delaying prosecution of this case and, in effect, imposing a unilateral stay on all discovery." *Id.* at 2. On May 20, 2024, Plaintiff filed the Motion for Hearing (Dkt. 31), wherein he requests a status conference be held in this case. *See* Dkt. 31.

The Court has not yet set a Rule 16 management conference because, in their notice of removal, Defendants challenge the propriety of the joinder of Fannie Mae and Mackie Wolf—both of whom are non-diverse parties. *See* Dkt. 1. The resolution of this issue is dispositive of the Court's jurisdiction and, as such, determines whether this matter will proceed here or be remanded to state court. The Court is currently considering this issue. Once resolved, this case will either be set for a scheduling conference or remanded to state court. Plaintiff need not file additional, duplicative motions. The Court is aware of this case, as well as the jurisdictional issues presented herein. Thus, the Motion to Compel (Dkt. 25) and the Motion for Hearing (Dkt. 31) are **DENIED** and, in any event, will be rendered moot once the jurisdictional challenges are resolved.

C.  **Motion for Clarification**

On May 20, 2024, Plaintiff filed the Motion for Clarification (Dkt. 30), wherein he asks the Court "for clarification of any legal presumptions." Dkt. 30 at 1. Specifically, Plaintiff asks the Court to answer several questions "to make certain that [he] has the comprehension needed to not

4

be at a disadvantage." *Id.* at 2. Plaintiff further suggests that, if the Court fails to respond within thirty days, "the parties and the court will adopt the resultant presumptions as factual for the duration and for all purposes of these proceedings." *Id.* At the threshold, the Court notes that "a lawsuit is an adversarial proceeding, and the Court is not permitted to give any legal advice to a party—whether that party appears *pro se* or through counsel." *Zamora v. GC Servs., LP.*, No. 15-cv-48, 2018 WL 11361333, at *1 (W.D. Tex. Nov. 21, 2018) (citing *Baker v. Norman*, 651 F.2d 1107, 1129 n.26 (5th Cir. Unit A July 1981)). Furthermore, Plaintiff's "*pro se* status does not excuse [him] from complying with federal statutes, rules of civil procedure, or local rules." *Perkins v. United States*, 314 F. Supp. 2d 664, 670 (E.D. Tex. 2004). Cognizant of the Court's limited role as an independent arbiter of this adversarial proceeding, and because the Court will not offer legal advice to Plaintiff, the Motion for Clarification (Dkt. 30) is **DENIED**.

## CONCLUSION

For the foregoing reasons, the Motion for Sanctions (Dkt. 21), the Motion to Compel (Dkt. 25), the Motion for Clarification (Dkt. 30), and the Motion for Hearing (Dkt. 31) are **DENIED**.

**So ORDERED and SIGNED this 19th day of August, 2024.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE